Ricky SEEKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00638–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 6, 2005.

Discretionary Review Refused
March 8, 2006.

George McCall Secrest, Jr., Bennett & Secrest, L.L.P., Houston, TX, for Appellant.

Charles A. Rosenthal, Jr., District Attorney—Harris County, Bridget Holloway, Assistant District Attorney—Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

ELSA ALCALA, Justice.

Appellant, Ricky Seeker, pleaded not guilty to the misdemeanor offense of driving while intoxicated (DWI) and not true to two punishment enhancement paragraphs. The jury found appellant guilty. The trial court found not true the enhancement paragraph alleging appellant had been previously convicted for DWI and true the paragraph asserting that appellant had an open alcoholic beverage container during the commission of the current DWI offense. The trial court sentenced appellant to 180 days in jail and a $2,000 fine. In his first point of error, appellant asserts that he is entitled to a new sentencing hearing because the trial court erred by considering the punishment range for a Class A, rather than the Class B misdemeanor DWI for which appellant was convicted. Appellant's second point of error asks that we reform the judgment of conviction, by deleting the true finding on the open container enhancement paragraph, because the trial court's oral pronouncements concerning that paragraph are inconsistent with the written judgment. We affirm.

## Background

Appellant rear-ended a car stopped at a toll booth, causing the car to ignite. Appellant was arrested for DWI and convicted by the jury. During the sentencing hearing, the trial court ruled inadmissible the State's evidence that purportedly showed appellant was previously convicted of the DWI offense alleged in the enhancement paragraph because of insufficient identification marks on the exhibit. No evidence, therefore, established that appellant had been previously convicted for DWI.

At the close of evidence, the trial court made no oral pronouncements concerning its finding the two punishment enhancement paragraphs true or not true. The trial court's oral ruling, in its entirety, is as follows:

> Basically at this time, the jury having found you guilty and the State being right about one thing and that is but for the grace of God Philip Carter could be dead and you would be going to the penitentiary instead of being considered for a Class A misdemeanor. I still believe that you still don't think you did anything wrong. I don't think that you think that you did anything wrong. I have been on the bench 10 years and I have never imposed the maximum sentence but I think that this is the appropriate case. I sentence you to 180 days in the Harris County Jail and a $2000 fine. Your Driver's License, your right to have a license is suspended for two years.

The trial court's written judgment of conviction shows that appellant was sentenced for a Class B misdemeanor DWI; that the

trial court found not true the enhancement paragraph alleging that appellant had a prior conviction for DWI; and that the trial court found true the enhancement paragraph alleging that appellant had an open alcoholic beverage container during the commission of the current DWI offense.

### Error in Assessing Punishment

■ In his first point of error, appellant contends that the trial court erred by considering appellant's punishment within the range for a Class A, rather than a Class B, misdemeanor DWI.

A first DWI offense is a Class B misdemeanor punishable by up to 180 days in jail and up to a $2,000 fine. TEX. PEN.CODE ANN. §§ 12.22, 49.04 (Vernon 2003). A second DWI offense is a Class A misdemeanor punishable by up to one year in jail and up to a $4,000 fine. TEX. PEN.CODE ANN. § 12.21, 49.09 (Vernon 2003).

■ To properly preserve error on appeal, a party must (1) object, (2) state the grounds with sufficient specificity, and (3) obtain an adverse ruling. TEX.R.APP. P. 33.1; *Wilson v. State,* 71 S.W.3d 346, 349 (Tex.Crim.App.2002). However, because a sentence that is not within the statutory punishment range for an offense is void, no objection is required to preserve error. *See ex parte Seidel,* 39 S.W.3d 221, 225 (Tex.Crim.App.2001) (holding judgments are void for illegality); *see also Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App. 1991) (holding that part of sentence imposing punishment not authorized by law void and that defect rendering sentence void may be raised at any time).

The written judgement of conviction shows that the trial court convicted appellant for Class B misdemeanor DWI. The trial court's oral pronouncement, that appellant was sentenced to the "maximum sentence" of "180 days in the Harris County Jail and a $2000 fine," shows that the trial court was sentencing appellant for a Class B misdemeanor DWI, rather than a Class A misdemeanor, which would carry a maximum possible sentence of one year in jail and a $4,000 fine. The oral pronouncement and written judgment consistently show that appellant was convicted for and received the maximum possible sentence for a Class B misdemeanor. Moreover, appellant had been charged with a Class A misdemeanor and thus could be characterized as being considered for a Class A misdemeanor, even though the trial court was not going to assess appellant's punishment as a Class A misdemeanor, having found the evidence insufficient to prove the enhancement paragraph that alleged the prior DWI conviction. Therefore, the record does not show that appellant received either a void sentence or a sentence outside the punishment range for the offense for which he was convicted.

■ To the extent that appellant bases his complaint on the trial court's statement that appellant "would be going to the penitentiary instead of being considered for a Class A misdemeanor" if he had killed the driver of the car he struck, appellant did not object concerning the statement at trial and has therefore waived any complaint. *See* TEX.R.APP. P. 33.1; *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App.1995).

We overrule appellant's first issue on appeal.

### Lack of Oral Pronouncement on Enhancement Paragraph

■ In his second point of error, appellant contends that the trial court's written finding of "true" conflicts with the trial court's oral finding because the trial court did not make an oral finding of "true" on the second enhancement paragraph.

When the trial court alone assesses a defendant's punishment, the court is not required to read that the enhancement paragraphs or the findings to the defendant. *Garner v. State*, 858 S.W.2d 656, 659 (Tex.App.-Fort Worth 1993, writ ref'd) (citing *Reed v. State*, 500 S.W.2d 497, 499 (Tex.Crim.App.1973)). Although it is preferred that trial courts read the enhancement paragraphs orally and find them to be true or not true on the record, a trial court does not err by not doing so. *See Garner*, 858 S.W.2d at 660. When a conflict exists between the oral pronouncement of a sentence and the sentence in a written judgment, the oral pronouncement controls. *Taylor v. State*, 131 S.W.3d 497, 500 (Tex.Crim.App.2004); *Coffey v. State*, 979 S.W.2d 326, 328 (Tex.Crim.App.1998). Conversely, when there is no conflict between the oral pronouncement and the written judgment, reformation of the judgment is not necessary. *See in re A.P.*, 59 S.W.3d 387, 393 (Tex.App.-Fort Worth 2001, pet. dism'd by agr.) (holding no conflict between sentence as orally pronounced and as memorialized in disposition order when trial court did not make oral findings later included in disposition order). Our Penal Code provides that a person convicted of Class B misdemeanor DWI must serve a minimum term of confinement of 72 hours, unless the person had an open container of alcohol in his or her immediate possession, which increases the minimum term of confinement to six days. Tex. Pen.Code Ann. § 49.04(b), (c) (Vernon 2003).

The record shows that although the trial court did not make any oral pronouncement regarding the open container paragraph, the court found the paragraph true in the written judgment. Under these circumstances, in which the trial court has no duty to make an oral finding of true or not true on an enhancement paragraph, we hold that the finding of true recited in the written judgment of conviction is not inconsistent with the trial court's oral silence concerning the finding. We deny appellant's request to reform the judgment.

We overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.