Opinion issued October 21, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00195-CR 

01-09-00196-CR

———————————

Kyle Edric Walker, Appellant

V.

THE State of
Texas, Appellee



 



 

On Appeal from the 405th District Court

Galveston County, Texas



Trial Court Case Nos. 07CR3178 & 07CR3179

 



 

MEMORANDUM OPINION

          A
jury found appellant, Kyle Edric Walker, guilty of two offenses of aggravated
sexual assault of a child younger than fourteen years old.  See Tex. Penal Code Ann. § 22.021(a)(1)(B)
(Vernon Supp. 2010).  During the
punishment phase, appellant pleaded true to the enhancement paragraphs alleging
two prior felony convictions.  The trial
court assessed punishment at sixty years’ imprisonment for each offense to run
concurrently.  Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2010).  In two points of error, appellant asserts the
trial court erred by (1) admitting the curriculum vitae of the State’s expert
into evidence, and (2) failing to comply with the procedural requirements of article
36 of the Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art.
36.01(a) (Vernon 2007).  We affirm.

Background

In September 2007, Priscilla Walker
was informed that her daughter, L.H., had told friends that her stepfather,
appellant, was sexually abusing her.  Ms.
Walker brought L.H. to the Texas City Police Department and filed a report with
Officer José Saldivar.  As part of the
investigation, L.H. underwent a forensic interview and examination at the Child
Advocacy Center (“CAC”).  Appellant was
arrested and charged with two offenses of aggravated sexual assault of a child following
the investigation.  

I.                 
Admission of Expert Witness’s Curriculum Vitae 

At trial, the State called Dr.
Ralph Noble, a supervising physician at the CAC where L.H. was examined and
interviewed.  The State offered Dr.
Noble’s curriculum vitae (“C.V.”) into evidence and requested permission to
publish the exhibit to the jury.  Defense
counsel objected to the admission of the evidence and offered to stipulate to the
expert’s qualifications.  The court
overruled the objection and admitted the exhibit.

Appellant argues that the trial
court abused its discretion by admitting the C.V. into evidence.  Specifically, appellant argues the evidence
was “irrelevant” because he offered to stipulate to Dr. Noble’s qualification
as an expert and no objection was made as to his qualifications.  We construe appellant’s first issue as a
“bolstering” argument.

A.      Standard
of Review

We review a trial court’s decision
on the admissibility of evidence under an abuse-of-discretion standard of
review.  See Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).
 An abuse of discretion occurs where a
trial court’s decision lies outside the zone of reasonable disagreement.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).  In determining whether a trial court has
abused its discretion, we consider whether the court acted arbitrarily or
unreasonably, or without reference to the guiding rules or principles.  Id. at
380.

B.      Applicable
Law

The law of “bolstering” existed
before this State’s evidentiary rules were adopted.  See Rivas
v. State, 275 S.W.3d 880, 886 (Tex. Crim. App. 2009).  As the law evolved, however, most of our
evidentiary terms became codified—first in the Texas Rules of Criminal Evidence
in 1985, and finally, in the unified Texas Rules of Evidence, promulgated in
1998.  Id.  While the term
“bolstering” is slowly dying as an objection on its face, it has not yet
expired, despite the fact that the term itself failed to survive the adoption
of the rules.  Id.

The Texas Court of Criminal Appeals
observed that bolstering occurs when irrelevant evidence, which does not “make
the existence of [a] fact that is of consequence to the determination of the
action more or less probable,” is offered for the sole purpose of adding credence or weight to some earlier
unimpeached piece of evidence offered by the same party.  Cohn v.
State, 849 S.W.2d 817, 819–20 (Tex. Crim. App. 1993); Sledge v. State, 686 S.W.2d 127, 129 (Tex. Crim. App. 1984)
(citing Pless v. State, 576 S.W.2d
83, 84 (Tex. Crim. App. 1978)).  Cohn instructs that the source of the
prohibition on bolstering is Rule 401; evidence solely for bolstering purposes does not meet Rule 401’s definition
of “relevant evidence.”  Cohn, 849 S.W.2d at 819; see also Tex. R. Evid. 401 (defining “relevant evidence” as “evidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.”).  As a general
rule, “[a]ll relevant evidence is admissible” and “[e]vidence which is not
relevant is inadmissible.”  Tex. R. Evid. 402. Accordingly,
evidence that corroborates another witness’ story or enhances inferences to be
drawn from another source of evidence is relevant evidence in the sense that it
has an incrementally further tendency to establish a fact of consequence, and should
not be considered bolstering.  Cohn, 849 S.W.2d at 820. 

Before an expert may testify, the
trial court must make a preliminary finding that the expert witness is
“qualified.”  The trial court must be
satisfied that three conditions are met: (1) the witness qualifies as an expert
by reason of his knowledge, skill, experience, training, or education; (2) the
subject matter of the testimony is an appropriate one for expert testimony; and
(3) admitting the expert testimony will actually assist the fact-finder in
deciding the case.  See Tex. R. Evid. 702; Rodgers v. State, 205 S.W.3d 525, 527 (Tex.
Crim. App. 2006).  

Even after the trial court makes an
initial determination that the expert is “qualified,” the jury must determine
the weight to be given to his testimony. 
“Jurors are the sole judges of the credibility of the witnesses and the
weight to give their testimony.”  See Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Johnson v. State, 23 S.W.3d
1, 7 (Tex. Crim. App. 2000) (en banc).  

C.      Analysis

Here, Dr. Noble’s C.V. was relevant
evidence and properly admitted.  Appellant
offered to stipulate to Dr. Noble’s qualifications, but a C.V. serves more than
merely to qualify an expert.  After the
trial court determines an expert to be qualified, a jury determines the weight
to give to the expert’s testimony.  A
jury’s consideration can be based on any relevant evidence; namely any evidence
that makes a fact of consequence more or less probable.  See
Cohn, 849 S.W.2d at 819–20.  Dr.
Noble based his testimony and opinions on his experience and training as a
physician at the CAC.  His educational
and professional background was relevant to prove his expertise in the
evaluation and treatment of child victims and to lay the predicate for his
testimony.  Evidence, like the C.V.,
admitted to assist the jury in making its determination serves a relevant
purpose beyond solely bolstering the witness.

Appellant also failed to show harm
as a result of the admission.  Erroneous
evidentiary rulings rarely rise to the level of constitutional error. See Potier v. State, 68 S.W.3d. 657, 663
(Tex. Crim. App. 2002).  An appellate
court considers non-constitutional error by examining the record as whole and
asking if by “fair assurance that
the error did not influence the jury, or had but a slight effect.”  Bagheri
v. State, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003) (citing Solomon v. State, 49 S.W.3d 356, 365
(Tex. Crim. App. 2001)).  Dr. Noble’s
professional experience was relevant as a context and predicate to his
testimony.  Any extraneous
information included on the C.V. had only slight effect.  Specifically, listing church and volunteer
activities on a sixteen-page document detailing professional experience was not
harmful.  Appellant also made no
objection to the substance or basis of Dr. Noble’s testimony.  Without evidence of harm, we defer to the
trial court’s discretion in the admission of relevant evidence.  We overrule appellant’s first issue.

II.              
Punishment Hearing

In his second issue, appellant
argues that the trial court erred in allowing the State to read the
enhancements after it rested.  During the
punishment phase, tried to the bench, the State announced that it rested before
reading the enhancement paragraphs from the indictment.  The court reminded the State it needed to
“read the enhancements first,” and appellant’s trial counsel responded that it
was “too late.”  The trial court allowed
the prosecutor to read the enhancements, and appellant pleaded true to the
enhancement paragraphs.  Appellant argues
that it was reversible error to allow the State to read the enhancement
paragraphs.

Appellant cites article 36.01(a) of
the Code of Criminal Procedure to support his argument.  Article 36.01(a), however, only requires the
indictment or information be read to the jury at the beginning of trial.  See Tex. Code
Crim. Proc. Ann. art. 36.01(a) (Vernon 2007).  With regard to enhancement paragraphs, the
provision requires the enhancement portion of the indictment not be read until
the hearing on punishment is held as provided in article 37.07.  Id. Article
37.07 does not require that the enhancements be read to the appellant when the
trial court assesses punishment.  See Tex.
Code Crim. Proc. Ann. art. 37.07, § 3(d) (Vernon Supp. 2010).  Appellant’s
argument is therefore misplaced.  The
guilt/innocence phase of his trial was over and the jury was released and
excused.  His punishment was assessed by
the trial court; no jury was involved. 

This Court has rejected the very
argument appellant presents, holding that “[w]hen the trial court alone
assesses a defendant’s punishment, the court is not required to read the
enhancement paragraphs or the findings to the defendant.” Seeker v. State, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.]
2005, pet. ref’d) (citing Garner v. State,
858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref’d)).  “Although it is preferred that trial courts
read the enhancement paragraphs orally and find them to be true or not true on
the record, a trial court does not err by not doing so.”  Seeker,
18 S.W.3d at 39 (citing Garner, 858
S.W.2d at 600); see also Simms v. State,
848 S.W.2d 754, 755 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d) (holding
that article 36.01 does not require reading of enhancement portion of
indictment to defendant in penalty stage of bifurcated trial before court
alone).  Here, appellant’s punishment was
assessed by the trial court; therefore, it was not necessary for the State to
read the enhancement paragraphs. 

We overrule appellant’s second issue.




 

Conclusion

We affirm the judgment of the trial
court.  

 

 

                                                                   Margaret
Garner Mirabal

                                                                   Justice


 

Panel consists
of Chief Justice Radack and Justices Massengale and Mirabal.[1]

Do not
publish.   Tex. R. App. P. 47.2(b).

 











[1]           The Honorable Margaret Garner Mirabal, Senior
Justice, Court of Appeals for the First District of Texas, participating by
assignment.