

NUMBER 13-11-00611-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MICHAEL DALIET,                                                  **Appellant,**

**v.**

THE STATE OF TEXAS,                                         **Appellee.**

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Michael Daliet appeals his sentences for aggravated robbery, a first-degree felony, *see* TEX. PENAL CODE ANN. § 29.03 (West 2011); robbery, a second-degree felony, *see id.* § 29.02; and unauthorized use of a vehicle, a state-jail felony that was enhanced to a second degree felony, *see id.* § 31.07. Appellant pleaded guilty to the offenses, but "not true" to the two enhancement paragraphs. The trial court

assessed punishment at sixty years' confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID) for the aggravated robbery offense; sixty years' confinement in the TDCJ-ID for the robbery offense; and twenty years' confinement in the TDCJ-ID for the unauthorized use of a vehicle offense. The sentences were ordered to run concurrently. By two issues, appellant contends: (1) the sentences for robbery and unauthorized use of a vehicle are void as a matter of law because the trial court failed to find the indicted enhancement paragraphs true, in violation of the Fifth Amendment of the U.S. Constitution; and (2) the punishment is unconstitutionally disproportionate to the seriousness of the offenses, in violation of the Eighth Amendment of the U.S. Constitution.[1] We affirm.

## I. BACKGROUND[2]

Appellant pleaded "not true" to the two enhancement paragraphs: (1) a 2002 conviction for "Simple Robbery" in Jefferson Parish, Louisiana; and (2) a 2006 conviction for aggravated assault with a deadly weapon in Harris County, Texas.[3] During the punishment proceedings, Fred Flores, the Deputy Sheriff Lieutenant in charge of the Identification Crime Records at the Nueces County Sheriff's Department, testified that appellant's fingerprints, which Flores earlier recorded at the State's request, matched the

---

[1] Appellant expresses his disproportionate-punishment argument as it relates to the "seriousness of the alleged violations of community supervision," but this case is not concerned with community supervision or revocation; this case is appellant's criminal trial on the three indicted offenses. Accordingly, we rephrase appellant's argument for the sake of clarity.

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[3] The indictment alleged three enhancement paragraphs, but the State abandoned the first paragraph because it was the same as the third paragraph.

fingerprints recorded on the Louisiana and Texas penitentiary packets. The requested fingerprints and two penitentiary packets were admitted without objection.

Appellant presented testimony from his wife and a friend, characterizing him as a good person whose drug addiction explained his poor conduct in the underlying offense. After hearing the evidence, the trial court, without objection from appellant, assessed appellant's punishment and sentenced him as a habitual felony offender.[4] The trial court did not articulate its findings on the enhancement paragraphs in its oral pronouncement of appellant's sentence. The trial court's written Judgment of Conviction, however, states the trial court found both enhancements to be "true."

## II. ENHANCEMENT FINDINGS

By his first issue, appellant argues that his sentences for robbery and unauthorized use of a vehicle were void as a matter of law because the trial court did not explicitly find the enhancement paragraphs to be true. He contends that the trial court's alleged failure violates appellant's Fifth Amendment Due Process rights. *See* U.S. CONST. amend. V.

The trial court, however, did include its findings on the enhancement paragraphs in its written Judgment of Conviction. Thus, appellant's assertion that the trial court entirely failed to make findings is inaccurate, even if the court failed to orally pronounce its findings at the conclusion of the punishment proceedings. "Although it is preferred that trial courts read the enhancement paragraphs orally and find them to be true or not true on the record, a trial court does not err by not doing so." *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see Garner v. State*, 858 S.W.2d 656,

---

[4] *See* TEX. PENAL CODE ANN. § 12.42 (West Supp. 2011).

659 (Tex. App.—Fort Worth 1993, writ ref'd) (*citing Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973)).

We conclude the trial court did not err by including its findings on the enhancement paragraphs in the written judgment only. *Meineke v. State,* 171 S.W.3d 551, 556–57 (Tex. App.—Houston [14th Dist.] pet. ref'd) (holding there was no error where the trial court did not orally pronounce its findings on an enhancement paragraph but included its findings in the written judgment); *see Seeker*, 186 S.W.3d at 39 (same); *Garner*, 858 S.W.2d at 659 (same). We overrule appellant's first issue.

### III. PROPORTIONALITY OF SENTENCE

By his second issue, appellant argues that the sentence is disproportionate to the seriousness of the alleged offenses in violation of the Eighth Amendment to the United States Constitution. *See* U.S. CONST. amend. VIII. Appellant acknowledges that no objection was made to the sentence in the trial court, but invites us to review the sentence under our inherent power. The error being unpreserved, we decline the invitation.

Appellant was required to preserve any alleged error in the trial court. *See* TEX. R. APP. P. 33.1(a); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986). To preserve error, an appellant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Even constitutional errors can be waived by the failure to preserve them. *See Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd) (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)).

4

Appellant neither objected to the sentence nor asserted his complaint in a motion for new trial and therefore failed to preserve error. *See Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that when appellant failed to object to his sentence at the punishment hearing or to complain about it in his motion for new trial, he failed to preserve his Eighth Amendment complaint that the punishment assessed was "grossly disproportionate and oppressive"). We overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
28th day of March, 2013.