**Affirmed and Opinion Filed July 31, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00649-CR

**HARVEY RAMIREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 397th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 063511**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Boatright
Opinion by Justice Bridges

Harvey Ramirez appeals his conviction for making a false statement in an application for a certified copy of a vital record. A jury convicted appellant, and the trial court sentenced him to eight years' confinement. In two issues, appellant argues the jury charge misapplied the mistake of fact instruction, and the judgment inaccurately reflects a finding of true to the enhancement paragraph. We affirm the trial court's judgment.

In September 2013, appellant was indicted on a charge of intentionally or knowingly making a false statement on an application for a certified copy of "a vital record, to-wit: a birth certificate." In October 2015, the indictment was amended to allege appellant:

PARAGRAPH I

intentionally or knowingly made a false statement, to-wit: that the defendant was born in Laredo, Texas, in connection with Texas Birth Certificate number 075462

and said statement was made on an application for a certified copy of a vital record, to-wit: a birth certificate,

PARAGRAPH II

intentionally or knowingly supply false information, to-wit: that the defendant was born in Laredo, Texas, or the defendant's birth was connected to Texas Birth Certificate 075462, and this information was provided for use in the preparation of a certificate, record, report or amendment under Title 3 of the Health and Safety Code,

PARAGRAPH III

For the purpose of deception, intentionally or knowingly attempted to obtain, possess, or use a certificate, to-wit: a birth certificate or the certificate relates [sic] to the birth of another individual,

At trial, Steve Hamilton, an investigator with the Texas Health and Human Services Commission, testified he was assigned to investigate allegations that appellant had submitted a fraudulent birth record in connection with his application for a certified birth record. Along with his application, appellant submitted his Texas identification card, his voter registration card[1], his social security card, and a birth certificate Hamilton determined was fraudulent. Specifically, Hamilton identified a number on the birth certificate as belonging to another person born in Dallas. Hamilton went to appellant's house and left his contact information, and appellant called him. Hamilton discussed with appellant his "concerns about the validity of that birth certificate that he had attached as part of his application." Hamilton invited appellant to meet and give Hamilton the opportunity to look at the actual birth certificate rather than just the photocopy appellant sent with his application. Appellant never showed Hamilton the birth certificate he copied.

Appellant testified his grandmother raised him in Mexico, but she told him he was born in Laredo, Texas. Appellant's grandmother gave him a birth certificate when he was thirteen

---

[1] Appellant testified he had been issued a Texas ID card since 1988, and he "got that Texas ID by showing them that birth certificate." Appellant testified he then used his Texas ID to get a voter registration card. The voter registration card was valid from January 1, 2010 through December 31, 2010.

years old, but border patrol took it away when he was deported in 1989. Appellant testified he got married under the name Constancio Enriquez. Appellant "asked an individual that had went back there to bring [him] a birth certificate, and he brought [appellant] a birth certificate with Constancio Enriquez. Appellant did this because "the copy – the one that [he] had with [him], they were not accepting that one," and he needed a birth certificate to get a marriage license.

Neri Enriquez, appellant's ex-wife, testified appellant used the names Harvey Ramirez and Constancio Enriquez. The couple's marriage license showed appellant's name as Constancio Enriquez. Enriquez testified appellant provided the information that he was born in January 1958 in Mexico when they sought to obtain birth certificates for their daughters. Enriquez testified she had "no clear idea" where appellant was born, but "South Texas" was "the only thing" she and appellant ever discussed. At the conclusion of Enriquez' testimony the State introduced into evidence appellant's stipulation that he was convicted of a felony offense in 2004 and signed his name as both Harvey Ramirez and Constancio Enriquez.

Lonzo Kerr, Deputy State Registrar for Vital Records, testified he assisted Hamilton with his investigation. When Kerr saw appellant's birth certificate, he noticed it said City of Laredo and had a file number that was shorter than expected. Kerr testified appellant's birth certificate was an "abstracted" version, and such vital records never listed a city and only listed a county.

Following Kerr's testimony, counsel for appellant and the prosecutor discussed with the trial judge the possibility of including a mistake of fact instruction in the jury charge. The trial judge asked whose testimony was going to indicate there was a mistake of fact, and appellant's counsel stated "perhaps" appellant's testimony would show a mistake of fact.

The application portion of the jury charge provided, in part, the following:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 5th day of April, 2015 in Grayson County, Texas, the defendant Harvey Ramirez, did then and there intentionally or knowingly makes [sic] a false statement, to-wit: that the defendant was born in Laredo, Texas, in connection

with Texas Birth Certificate Number 75462 and said statement was made on an application for a certified copy of a vital record, to-wit: a birth certificate, then you will find the defendant guilty of False Record For/On Birth Certificate, as charged in the indictment.

Unless you so find the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, "Not Guilty."

You are instructed that it is a defense to prosecution that a person through mistake of fact formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for the commission of the offense.

A reasonable belief means a belief that would be held by an ordinary and prudent man in the same circumstances as the defendant.

Now, if you find from the evidence beyond a reasonable doubt that on or about the 5th day of April, 2015 in Grayson County, Texas, the defendant Harvey Ramirez, did then and there intentionally or knowingly makes [sic] a false statement, to-wit: that the defendant was born in Laredo, Texas, in connection with Texas Birth Certificate Number 75462 and said statement was made on an application for a certified copy of a vital record, to-wit: a birth certificate, but you further find from the evidence, or have a reasonable doubt thereof, that at the time of such conduct by defendant, if any, that the defendant, through mistake formed a reasonable belief about a matter of fact, to-wit: that the birth certificate 75462 incorporated in the defendant's application was authentic, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

Before the charge was submitted to the jury, appellant's counsel sought to include after the language "that the birth certificate 75462 incorporated in the defendant's application was authentic" additional language "that [appellant] was told by his grandmother that he was born in Laredo, Texas. Or that he believed his grandmother's statement that he was born in Laredo, Texas." The trial court asked "if his grandmother told him and he believed that, that he was still allowed to submit other documents that were not authentic or genuine?" or that "somehow the fact that his grandmother told him that, that allowed him to submit false documents?" Appellant's counsel responded that appellant was not charged with submitting a false document but was charged with intentionally and knowingly making a false statement that he was born in Laredo, Texas. The prosecutor responded that the indictment was amended, and "the language is that [appellant] was born in Laredo, Texas . . . In connection with Texas Birth Certificate

–4–

75462." The trial court denied appellant's request. The jury convicted appellant of making a false statement in an application for a certified copy of a vital record. The trial court sentenced appellant to eight years' confinement, and this appeal followed.

In his first issue, appellant argues the court's charge misapplied the mistake of fact instruction. Specifically, he argues the trial court erred in refusing to include his requested addition to the mistake of fact application paragraph, and this exclusion "gave greater weight to the State's theory and overshadowed the nature of the conduct of which appellant was charged--making a false statement about his place of birth."

Appellate review of claims of jury-charge error first involves a determination of whether the charge was erroneous and, if it was, then second, an appellate court conducts a harm analysis, with the standard of review for harm being dependent on whether error was preserved for appeal. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012). Because we conclude that the charge was not erroneous in this case, we do not conduct a harm analysis.

The purpose of the trial court's jury charge is to instruct the jurors on all of the law applicable to the case. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012); TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The application paragraph is the portion of the jury charge that applies the pertinent penal law, abstract definitions, and general legal principles to the particular facts and the indictment allegations. *Vasquez*, 389 S.W.3d at 366. Therefore, a jury charge with an application paragraph that incorrectly applies the pertinent penal law to the facts of a given case is erroneous. *See Gray v. State*, 152 S.W.3d 125, 127–28 (Tex. Crim. App. 2004).

A defendant is entitled to an instruction on any defensive issue raised by the evidence, whether that evidence is weak or strong, unimpeached or uncontradicted, and regardless of how the trial court views the credibility of the defense. *Allen v. State*, 253 S.W.3d 260, 267 (Tex.

Crim. App. 2008). The statute governing the mistake-of-fact defense provides that it is "a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PENAL CODE ANN. § 8.02(a) (West 2011). When he raises evidence of a mistaken belief as to the culpable mental state of the offense, a defendant is entitled to an instruction on mistake of fact upon request. *Celis v. State*, 416 S.W.3d 419, 430 (Tex. Crim. App. 2013). "By 'kind of culpability' is meant 'culpable mental state.'" *Id.* (quoting *Beggs v. State*, 597 S.W.2d 375, 378 (Tex. Crim. App. 1980)).

As the prosecutor argued at trial, the indictment alleged appellant intentionally or knowingly made a false statement in *connection with Texas Birth Certificate Number 75462* and said statement was made on an application for a certified copy of a vital record, to-wit: a birth certificate. Whether or not appellant believed his grandmother's statement that he was born in Laredo, this belief was only exculpatory if it led appellant to believe further that the birth certificate he submitted with his application was authentic. This was the issue submitted to the jury. If appellant did not believe the birth certificate was authentic, then his belief that he was born in Laredo did not change the fact that he submitted a fraudulent birth certificate falsely stating that he was born in Laredo. We overrule appellant's first issue.

In his second issue, appellant argues the judgment incorrectly reflects a finding of true to the enhancement paragraph alleging a prior possession of a controlled substance conviction. In making this argument, appellant concedes he pleaded true to the enhancement, but he argues there is nothing in the record to indicate that the trial court found the enhancement true because the trial court made no explicit pronouncement that it was true and the trial court's sentence was within the range of a third-degree felony.

Prior to sentencing, the trial judge asked if there were "any enhancements in the indictment that I didn't ask [appellant] to plead to?" The prosecutor stated there was a notice of enhancement, and it was her understanding "that the defendant is pleading true to it today." The trial judge asked appellant how he pled to the allegation he had a prior conviction for possession of a controlled substance, and appellant answered, "True." The trial judge did not orally pronounce a finding that appellant pled true to the enhancement.

A trial court is not required to make an oral pronouncement of its findings on enhancements when it assesses punishment. *See Meineke v. State*, 171 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (trial court not required to make oral pronouncement of its findings on enhancements). Although the better practice is for the trial court to announce orally its enhancement findings before sentencing, the failure to do so does not amount to error as long as the record reflects that the court found the enhancements true and sentenced the defendant accordingly. *See id.*; *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). A trial court makes an implied finding of true to an enhancement allegation when the record establishes the truth of that allegation. *Torres v. State*, 391 S.W.3d 179, 183 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd).

Although the trial judge did not orally pronounce a finding of true to the enhancement paragraph, the judgment correctly states a finding of true. Because the trial court had no duty to make an oral finding of true or not true on the enhancement paragraph, we conclude the finding of true recited in the written judgment of conviction is not inconsistent with the trial court's oral silence concerning the finding. *See Seeker*, 186 S.W.3d at 39. We overrule appellant's second issue.

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

160649F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HARVEY RAMIREZ, Appellant

No. 05-16-00649-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 397th Judicial District Court, Grayson County, Texas
Trial Court Cause No. 063511.
Opinion delivered by Justice Bridges.
Justices Myers and Boatright participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered July 31, 2017.