# NO. 12-19-00017-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CURVIE BRINSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Curvie Brinson appeals his conviction for possession of a controlled substance. In one issue, he complains that the evidence is insufficient to support his conviction. We affirm as modified.

### BACKGROUND

On April 14, 2016, at approximately 11:45 p.m., Center Police Department Officers James Blackwell and Steve Thornburgh were on patrol on Shelbyville Street in Center, Texas. Officer Blackwell observed a vehicle signal that it was going to turn into a washeteria, but it then abruptly proceeded in a different direction. Officer Blackwell testified that he became suspicious because the area is known for its criminal activities, especially at night, and because people engaging in criminal activity often make furtive movements or change their direction of travel upon observing a police vehicle. Officer Blackwell checked the vehicle's registration, and after discovering it was expired, pulled the vehicle over.

Officer Blackwell contacted Appellant, the driver of the vehicle, and observed the passenger, Ronnie Harper. Officer Blackwell discovered Appellant was driving with a suspended license and had no proof of insurance on the vehicle. Officer Blackwell arrested Appellant for driving with a suspended license and, during a search of his person, located a crack pipe in

Appellant's back left pants pocket. Officer Thornburgh then searched the vehicle and located a small amount of crack cocaine on the driver's side floorboard.

Appellant was arrested for possession of a controlled substance in penalty group one an amount of less than one gram, a state jail felony. Subsequently, Appellant was indicted for the offense and pleaded "not guilty." The case proceeded to a jury trial, and the jury found Appellant "guilty." Appellant elected to have the trial court assess punishment. Prior to trial, the State filed a notice of intent to enhance Appellant's punishment, alleging that he previously had been convicted of two prior sequential felonies. At punishment, the State offered proof of Appellant's previous convictions, and the trial court sentenced Appellant to twenty years of imprisonment.[1] This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant complains that the evidence is insufficient to support his conviction. Specifically, he argues that the State failed to establish that he intentionally or knowingly possessed the drugs because (1) he was not in exclusive possession of the car the drugs were found in, (2) he was not the registered owner of the car, and (3) the small quantity of drugs "would have been almost invisible to the occupants of the car."

**Standard of Review**

When determining if the evidence is sufficient to sustain a conviction, the court must apply the ***Jackson v. Virginia*** standard. *See **Brooks v. State***, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010). This standard requires the court to determine whether, considering all the evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); ***Brooks***, 323 S.W.3d at 899. In order to consider the evidence in the light most favorable to the verdict, we must defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. ***Brooks***, 323 S.W.3d at 899; *see **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789. This standard recognizes "the

---

[1] Pursuant to the penal code, if it is shown on the trial of a state jail felony that the defendant previously has been finally convicted of two felonies other than a state jail felony, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a felony of the second degree. *See* TEX. PENAL CODE ANN. § 12.425(b) (West 2019). The punishment range for a second degree felony is two years to twenty years of imprisonment. *See **id.*** § 12.33(a) (West 2019).

responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011). The fact finder is entitled to judge the credibility of the witnesses, and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). When conflicting evidence is presented, we must resolve those conflicts in favor of the verdict and defer to the fact finder's resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. We may not substitute our own judgment for that of the fact finder. *See id.*, 443 U.S. at 319, 99 S. Ct. at 2789; *Thornton v. State*, 425 S.W.3d 289, 303 (Tex. Crim. App. 2014); *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can be alone sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

## Applicable Law

A person commits the offense of possession of a controlled substance when he knowingly or intentionally possesses a controlled substance. TEX. HEALTH AND SAFETY CODE ANN. § 481.115(a) (West 2017). To establish possession, the State must prove that the accused (1) exercised actual care, custody, control, or management over the substance; and (2) was conscious of his connection with it and knew what it was. *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *see also* TEX. HEALTH AND SAFETY CODE ANN. § 481.002 (38) (West 2017). Possession need not be exclusive, but can be exercised jointly with other individuals. *See Wilkes v. State*, 572 S.W.2d 538, 539 (Tex. Crim. App. [Panel Op.] 1978). Whether the theory of prosecution is sole or joint possession, the evidence must link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contraband's existence and of its whereabouts. *Hernandez v. State*, 538 S.W.2d 127, 130 (Tex. Crim. App. 1976). Joint possession cannot be established by a defendant's mere presence alone. *Wilkes*, 572 S.W.2d at 539. Evidence which links the accused to the contraband suffices for proof that he knowingly possessed the substance. *Brown*, 911 S.W.2d at 747. The evidence may be direct or circumstantial, but must establish the accused's connection with the substance was more than just fortuitous. *Id.* However, the evidence need not exclude every other outstanding reasonable hypothesis except the defendant's guilt. *Id.*

3

There is no set formula of facts necessary to support an inference of knowing possession. *Hyett v. State*, 58 S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). The focus is not on the number of facts linking the accused to the drugs, but on the logical force they have in establishing the offense. *Evans*, 202 S.W.3d at 162.

**Analysis**

Appellant argues "that because of the minute amount of cocaine found on the floor mat of the vehicle he was driving that the State has failed to establish an affirmative link between him and the contraband sufficient to carry its burden of proving each and every element of the case beyond a reasonable doubt." However, in the same paragraph of his brief, Appellant acknowledges that he had a crack pipe on his person and the crack cocaine was found in the driver's side floorboard area, where Appellant, as the driver, had been sitting. Additionally, copper scrubbing sponges, which Officer Blackwell testified are commonly used by crack cocaine users to pack crack pipes, were found in the vehicle.

Appellant supports his argument with admissions made by the arresting officers. Specifically, he cites to a portion of the record where he alleges that Officer Blackwell testified that the fact that the vehicle was registered to Appellant's daughter "would make her the crack-user and not [Appellant]." A review of the record reveals that the pertinent testimony was recorded as follows:

> Q. Okay. So you don't remember if you gave him a ticket for no insurance or no citation?
> A. No, sir. I do not.
> Q. You don't remember if you gave him a citation for invalid registration, correct?
> A. I do not.
> Q. Okay. But you did testify that you did run the license -- the registration, correct?
> A. Yes, sir.
> Q. And wasn't that, the registration, under somebody else's name?
> A. I don't remember who the registration came back to, to be honest.
> Q. Okay. But it was not under Mr. Brinson's name, was it?
> A. I don't recall. But I have -- in briefing and reviewing it, I don't think it was.
> Q. Okay. That it was likely not in Mr. Brinson's name?
> A. Correct.
> Q. So assuming that, then the vehicle was not --was not Mr. Brinson's, correct?
> A. In just reviewing the video just now, it seemed Mr. Brinson said it was his daughter's vehicle.
> Q. Correct.
> A. Which would make her a crack user instead of him, if that's correct.
> Q. Okay.
> A. Because I know where you're going with that.
> Q. All right. So, I mean, in that situation, then it's believable that Mr. Brinson had no knowledge of the substance, correct?
> A. It's not believable to me, sir.

4

Q. Okay. But the vehicle is not registered to Mr. Brinson.
A. Correct.
Q. You heard the video state that it was registered to his daughter, correct?
A. Correct.

Viewing Officer Blackwell's testimony in its entirety, it is apparent that he believed Appellant knowingly possessed the crack cocaine found in the vehicle. Appellant also quotes a portion of Officer Thornburgh's testimony that "anyone could have put the drugs in the car." The relevant portions of Officer Thornburgh's testimony are as follows:

Q: So do you have any idea how long that so-called illegal substance was actually in the vehicle?
A: No, sir.
Q. Do you know whose substance it actually was?
A. It was Mr. Brinson's.
Q. Okay. Do you know who actually put it in the vehicle?
A. No, sir.
Q. Okay. So it is possible that somebody else actually put the substance in the vehicle, correct?
A. Correct.

Officer Thornburgh testified that he believed the crack cocaine belonged to Appellant, despite his admission that he, of course, did not know with certainty who put the crack cocaine in the vehicle. Appellant also argues that the officers' failure to collect the crack pipe found in Appellant's pocket and the copper sponges found in the car somehow diminishes the evidentiary value of these items. However, Officer Blackwell explained that it was the Center Police Department's standard practice to discard the pipe and copper sponges because he was not charging Appellant with the less serious misdemeanor offense of possession of drug paraphernalia. According to Officer Blackwell, the Department finds drug paraphernalia so frequently that it discards the items after thirty days. Thus, Officer Blackwell saw no reason to collect the pipe or sponges.

Appellant further argues that the .01 grams of crack cocaine found is so small that it would be difficult for anyone in the vehicle to notice its presence. In support of his argument, Appellant points out that Officer Thornburgh had to closely inspect the area and use a flashlight to locate the drugs. Appellant argues that the small amount of drugs found, in addition to Appellant's not being the sole occupant of the vehicle and his not being its registered owner, renders the evidence insufficient to support his conviction. We disagree.

5

Logically, Officer Thornburgh would need to use a flashlight and closely inspect the area, because it was dark outside, and he presumably had no idea where the drugs, if any, might be located in the vehicle. Further, while .01 grams is undoubtedly a small amount of crack cocaine, we reiterate that the evidence need not exclude every other outstanding reasonable hypothesis except the defendant's guilt. *See Brown*, 911 S.W.2d at 747. Officer Blackwell testified that he has worked on narcotics cases since 1997, and he frequently has observed individuals who have crushed crack cocaine rocks into their floor mats when they come into contact with the police. Further, there is no set formula of facts necessary to support an inference of knowing possession and our focus must be on the logical force of the facts that establish the offense. *Hyett*, 58 S.W.3d at 830; *Evans*, 202 S.W.3d at 162. Here, Appellant was observed at night driving a vehicle in a high crime area. When Officers noticed Appellant, he abruptly changed directions. After arresting Appellant for driving with a suspended license, officers located a crack pipe in his pocket. Subsequently, officers found crack cocaine in the floorboard of the driver's seat of the vehicle, in addition to copper sponges commonly used to smoke crack cocaine. These facts link Appellant to the crack cocaine found in the floorboard of the vehicle. *See Willis v. State*, 192 S.W.3d 585, 593 (Tex. App.—Tyler 2006, no pet.) (discussing non exclusive list of factors that may be considered when evaluating links).

Appellant's argument essentially urges us to hold that the evidence exclude every reasonable hypothesis except his guilt, which the law does not require. *See Brown*, 911 S.W.2d at 747. The isolated facts to which Appellant refers were presented to the jury, and resolved in favor of his guilt. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789, 2793. The logical force of all of the evidence presented to the jury supports its verdict that Appellant knowingly possessed crack cocaine. *Evans*, 202 S.W.3d at 162. Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed the offense of possession of a controlled substance. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Therefore, we hold that the evidence is sufficient to support Appellant's conviction. Appellant's sole issue is overruled.

## JUDGMENT MODIFICATION

In reviewing the record, we found several errors in the judgment. As previously discussed, Appellant was charged with possession of a controlled substance in penalty group one in an amount

less than one gram, a state jail felony. Tex. Health and Safety Code Ann. § 481.115(b). In compliance with the code of criminal procedure, the prior convictions alleged by the State to enhance Appellant's punishment range to a second degree felony were not presented to the jury prior to Appellant's trial on guilt. *See* Tex. Code Crim. Proc. Ann. § 36.01 (a)(1) (West 2007). A review of the record, including the court's charge and the jury's "guilty" verdict, shows that the jury found Appellant "guilty" of state jail felony possession of a controlled substance.

The written judgment in this case states that Appellant was convicted of a second degree felony offense. This is incorrect. Section 12.425 did not increase the degree of Appellant's state jail felony offense of possession of a controlled substance, but rather increased *only* the punishment level that applied to the primary state jail felony offense. *See* Tex. Penal Code Ann. § 12.425(b); *see also* **Henderson v. State**, No. 07-17-00099-CR, 2018 WL 2470648, at *5 (Tex. App.—Amarillo June 1, 2018, pet. ref'd) (mem. op., not designated for publication).

As previously discussed, Appellant elected to have the trial court assess punishment. The written judgment does not reflect that the court made a finding with respect to the enhancement allegations. At Appellant's punishment hearing, the court did not orally read the enhancements, nor did the court ask Appellant to enter a plea of "true" or "not true" to the allegations. Thereafter, the State offered certified copies of judgments showing that Appellant has been finally convicted of two felonies other than a state jail felony, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, elevating his punishment range to that of a second degree felony of two to twenty years of imprisonment. *See* Tex. Penal Code Ann. §§ 12.33(a); 12.425(b). Appellant did not object to the admission of the judgments, and the court admitted them into evidence. At the conclusion of the punishment hearing, the trial court sentenced Appellant to twenty years of imprisonment. While the trial court did not orally pronounce on the record that it found the State's enhancement allegations to be "true," it is implied that the trial court found them so, as the court sentenced Appellant within in the enhanced range of punishment. *See* **Garner v. State**, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth 1993, pet. ref'd); *see also* **Morrow v. State**, No. 06-10-00125-CR, 2011 WL 882839, at *4 (Tex. App.—Texarkana Mar. 15, 2011, no pet.) (mem. op., not designated for publication). When the trial court alone assesses a defendant's punishment, the court is not required to read the enhancement allegations or the findings to the defendant. **Garner**, 858 S.W.2d at 659 (citing **Reed v. State**, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973)); **Seeker v. State**, 186 S.W.3d 36, 39 (Tex.

App.—Houston [1st Dist.] 2005, pet. ref'd). Nevertheless, it is certainly better practice for the trial court to make an oral pronouncement regarding its findings on punishment enhancement allegations. *Garner*, 858 S.W.2d at 659. But a trial court does not err when it overlooks making that pronouncement, especially when the issue of sentencing is submitted to the court rather than a jury. *Id.* (citing *Reed*, 500 S.W.2d at 499); *Seeker*, 186 S.W.3d at 39.

We have the authority to make the record speak the truth when we have the necessary data and information. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). Thus, we reform the trial court's written judgment to reflect that Appellant was convicted of a state jail felony enhanced to a second degree punishment, and we further reform the judgment to reflect that the court found the enhancement allegations to be "true."

## DISPOSITION

We have overruled Appellant's sole issue. Having found clerical errors in the trial court's written judgment, we *modify* the judgment to reflect that Appellant was convicted of a state jail felony enhanced to a second degree punishment, and further *modify* the judgment to reflect that the trial court found the enhancement allegations to be "true." Having *modified* the trial court's judgment, we *affirm* the judgment as *modified.*

GREG NEELEY
Justice

Opinion delivered October 31, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2019**

**NO. 12-19-00017-CR**

**CURVIE BRINSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 123rd District Court

of Shelby County, Texas (Tr.Ct.No. 17CR20,250)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** to reflect that **CURVIE BRINSON** was convicted of a state jail felony enhanced to a second degree punishment, and that the trial court found the enhancement allegations to be "true"; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*