

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00159-CR

Juan **ORTIZ**, Jr.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Wilson County, Texas
Trial Court No. 18-08-137-CRW-A
Honorable Russell Wilson, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Luz Elena D. Chapa, Justice
               Irene Rios, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: June 21, 2023

AFFIRMED

Appellant Juan Ortiz, Jr. appeals the sentencing enhancement he received from the trial court. He argues the trial court erred in enhancing his sentence because (1) he never entered a plea of true or not true to the prior convictions alleged by the State, (2) the State failed to prove the prior convictions, and (3) the trial court did not find the prior convictions true. We affirm.

## BACKGROUND

Ortiz was charged with burglary of a habitation after he broke into a Floresville home. Before trial, the State filed a "Notice of Intent to Enhance Punishment of Defendant with Prior

Conviction," alleging Ortiz had two prior convictions for burglary of a habitation. After a trial, the jury found Ortiz guilty of burglary of a habitation, a second-degree felony. During sentencing, the State introduced evidence regarding the enhancement allegations, making his second-degree burglary of a habitation punishable as a first-degree felony. At the conclusion of the sentencing hearing, the trial court found the enhancement allegations true and sentenced Ortiz to confinement with the Department of Criminal Justice for thirty-five years. Ortiz now appeals.

## SENTENCING ENHANCEMENTS

Ortiz argues the trial court erred when it did not ask him whether the enhancement allegations were true. He further contends the trial court erred because the State did not present sufficient evidence to meet its burden to prove his sentencing enhancement was true, and the trial court did not find any specific enhancement true. According to Ortiz, these errors render the judgment void, and the case should be reversed and remanded to the trial court for re-sentencing.

### A. Law

"When[, as here,] the trial court alone assesses a defendant's punishment, the court is not required to read the enhancement paragraphs or the findings to the defendant." *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see also Lopez v. State*, 452 S.W.3d 425, 428 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ("[W]hen the punishment phase of the trial is held before the trial court, the Code of Criminal Procedure does not mandate the reading of the enhancement paragraphs and the receipt of the defendant's plea to the enhancement paragraphs."). *See generally Garner v. State*, 858 S.W.2d 656, 659–60 (Tex. App.—Fort Worth 1993, pet. ref'd) ("[T]here is no requirement that the enhancement paragraphs be orally read to the defendant when punishment is assessed by the trial court alone."). "[N]or is an oral plea required when the appellant has previously stipulated to the enhancement allegations and punishment is not assessed by a jury." *Garner*, 858 S.W.2d at 659.

If a defendant is convicted of a second-degree felony, and the State proves the defendant has prior felony convictions, punishment shall be enhanced to a first-degree felony. TEX. PENAL CODE § 12.42(b). "To establish that a defendant has been convicted of a prior offense, the State must prove beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is linked to that conviction." *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). Section 12.42(b) of the Texas Penal Code "does not require that the fact of a prior conviction be established in any particular manner or with any specific document." *Id.* at 922; *see, e.g.*, *Kinnett v. State*, 623 S.W.3d 876, 896 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd). "[T]he State may prove both of these elements in a number of different ways." *Flowers*, 220 S.W.3d at 921. These "includ[e] (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted." *Id.* at 922. "Any type of evidence, documentary or testimonial, might suffice." *Id.* The trial court then "looks at the totality of the evidence" to determine whether the evidence establishes a previous conviction and whether the defendant was the person convicted. *Id.* at 923. The trial court may also make "an implied finding of true to an enhancement allegation when the record establishes the truth of that allegation." *Torres v. State*, 391 S.W.3d 179, 183–84 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). This court reviews the trial court's finding for sufficiency. *Flowers*, 220 S.W.3d at 925.

**B. Analysis**

Turning to Ortiz's main issue of whether the trial court asked Ortiz if the enhancement paragraph was true, the record shows the trial court did not read the enhancement paragraph to Ortiz or receive his plea as to the enhancement paragraph. However, the record also shows Ortiz did not object to the trial court's failure to read the enhancement paragraph or receive his plea to

the enhancement paragraph. *See Lopez*, 452 S.W.3d at 429 (citing *Reed v. State*, 500 S.W.2d 497, 499 (Tex. Crim. App. 1973)). Ortiz has therefore failed to preserve the issue for our review. *See* TEX. R. APP. P. 33.1; *Garner*, 858 S.W.2d at 659. Even if Ortiz had preserved the issue, the trial court was not required to read the enhancement paragraph to him, receive his plea, or read the findings to him. *See, e.g.*, *Lopez*, 452 S.W.3d at 428; *Seeker*, 186 S.W.3d at 39; *see also Garner*, 858 S.W.2d at 660.

Ortiz also argues the State did not present sufficient evidence to meet its burden. The State filed its "Notice of Intent to Enhance Punishment of Defendant with Prior Conviction" on December 19, 2018, which provided Ortiz was previously convicted twice of burglary of a habitation. The sentencing hearing took place on February 25, 2019, and at the hearing, Jaime Weida—a community supervision officer for the 81st and 218th judicial districts—testified he completed a presentence investigation report for Ortiz. He testified, based on the report, Ortiz had been convicted of burglary of a habitation three times. Weida testified Ortiz acknowledged these convictions. He further testified the photos, birth date, SID number, and TRN number in the pen packs matched Ortiz. The pen packs were then admitted into evidence without objection. During closing, Ortiz's counsel conceded the State had "proved up" the prior offenses. At the conclusion of the hearing, the trial court explained it "listened to the evidence" and found there were two "previous final conviction[s] that took place before the date of this offense." The trial court then sentenced Ortiz to thirty-five years' confinement with the Department of Criminal Justice. The judgment of conviction reflects the trial court found the enhancement paragraph "true."

Based on the foregoing evidence, including Ortiz's acknowledgement of his convictions and the pen packs, the trial court found the totality of the State's evidence proved beyond a reasonable doubt Ortiz was twice convicted of burglary of a habitation before the present case. We therefore hold the evidence is sufficient to support the trial court's finding and affirm the judgment

of the trial court. *See* TEX. PENAL CODE § 12.42(b); *Flowers*, 220 S.W.3d at 921; *Kinnett*, 623 S.W.3d at 896.

## CONCLUSION

The judgment is affirmed.

Luz Elena D. Chapa, Justice

Do Not Publish