RICHARDSON, J., delivered the opinion for a unanimous Court.
Appellant, Vera Elizabeth Guthrie-Nail, pled guilty to conspiracy to commit capital murder. A judgment was entered against her on September 12, 2012. Without giving notice to Appellant or conducting a hearing, the trial court issued a Nunc Pro Tunc Judgment on December 4, 2012, changing the "Findings on Deadly Weapon" entry from "N/A" to "Yes, a Firearm." Appellant appealed, and the Fifth Court of Appeals affirmed the Nunc Pro Tunc Judgment in an opinion dated January 8, *226 2014.[1] On review, in our opinion delivered on September 16, 2015, we held that Appellant's right to due process was violated because the trial court issued an unfavorable nunc pro tunc judgment without notice and a hearing.[2] We reversed the January 8, 2014, judgment of the court of appeals and remanded the case to the trial court "for proceedings consistent with [our] opinion."[3]
In accordance with our opinion, the trial court conducted a hearing on December 16, 2016, and the trial court judge orally confirmed that it had been his intent to make an affirmative finding of a deadly weapon on the original September 12, 2012, judgment. Appellant appealed the trial court's December 16, 2016, oral ruling and docket entry. On March 28, 2017, the Fifth Court of Appeals dismissed Appellant's appeal because the trial court had not entered an appealable order.[4]
Appellant filed a petition for discretionary review contesting the court of appeals's dismissal for lack of jurisdiction. The State agrees that Appellant is entitled to appellate review of the December 4, 2012, Nunc Pro Tunc Judgment and therefore joins Appellant's request to overturn the court of appeals's dismissal.
We hold that the court of appeals's dismissal was proper. When, on September 16, 2015, we reversed the judgment of the court of appeals and remanded the case to the trial court for further proceedings,[5] our decision essentially rendered the trial court's December 4, 2012, Nunc Pro Tunc Judgment void.[6] On remand, in accordance with our September 16, 2015, opinion, the trial court held the required hearing on December 16, 2016. However, it did not enter a new Nunc Pro Tunc Judgment at that time.[7]
Appellate jurisdiction is invoked when the appellant "timely" files a notice of appeal.[8] "In criminal cases, a defendant's *227 notice of appeal is timely if it is filed 'within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order.' "[9] In this case, the court of appeals correctly observed that, after the hearing on December 16, 2016, the trial court did not enter an "appealable order."[10] Although the record from that hearing reflects that it was the trial court's intent to orally ratify its December 4, 2012, Nunc Pro Tunc Judgment,[11] no authority has been presented-and we know of none-"that would empower [the court of appeals] to assert jurisdiction over the case grounded on a docket entry and oral ratification of a pre-existing judgment."[12]
Our September 16, 2015, reversal of the January 8, 2014, judgment of the court of appeals invalidated the trial court's December 4, 2012, Nunc Pro Tunc Judgment because it had been issued without notice and a hearing. Therefore, to date, the only valid judgment against Appellant is the original judgment dated September 12, 2012. If the trial court wishes to make a correction to the September 12, 2012, judgment based on what transpired at the December 16, 2016, hearing, the trial court must enter a new nunc pro tunc judgment, which would then be an appealable order. We affirm the judgment of the court of appeals.

Guthrie-Nail v. State , No. 05-13-00016-CR, 2014 WL 61037 (Tex. App.-Dallas, Jan. 8, 2014) (not designated for publication).

Guthrie-Nail v. State , 506 S.W.3d 1, 2, n.1 (Tex. Crim. App. 2015) (citing Shaw v. State , 539 S.W.2d 887, 890 (Tex. Crim. App. 1976) ("Before any unfavorable nunc pro tunc orders are entered the person convicted should be given an opportunity to be present for the hearing, represented by counsel, in order to accord him due process of law.") ).

Guthrie-Nail , 506 S.W.3d at 7.

Guthrie-Nail v.State , No.05-17-00030-CR, 2017 WL 1149676 (Tex.App.-Dallas Mar. 28, 2017) (not designated for publication).

We held that the appellate court below us erroneously affirmed the trial court's nunc pro tunc judgment because the record was "far from conclusive" in determining whether the nunc pro tunc was correcting a clerical error to reflect the judgment actually rendered or whether it was being corrected to reflect what should have been done. Guthrie-Nail v. State , 506 S.W.3d at 7.

Under the "Law of the Case" doctrine, "where determinations as to questions of law have already been made on a prior appeal to a court of last resort, those determinations will be held to govern the case throughout all its subsequent stages, including a retrial and a subsequent appeal." Ex parte Granger , 850 S.W.2d 513, 516 (Tex. Crim. App. 1993) (quoting Granviel v. State , 723 S.W.2d 141, 147 (Tex. Crim. App. 1986) ); see also Tex. R. App. Proc . 78.1 (listing the types of judgment the Court of Criminal Appeals may render). Under Rule 78.1(d), the Court of Criminal Appeals may "reverse the lower court's judgment and remand the case for further proceedings."

A nunc pro tunc judgment is an appealable order. Blanton v. State , 369 S.W.3d 894, 903 (Tex. Crim. App. 2012).

Blanton , 369 S.W.3d at 902 (citing Shute v. State , 744 S.W.2d 96, 97 (Tex. Crim. App. 1988) ).

Id . (citing Tex. R. App. Proc. 26.2(a)(1) ).

Guthrie-Nail v. State , 2017 WL 1149676 at *2.

After our remand, at the December 16, 2016, hearing, the trial court judge stated the following on the record:
The Court of Criminal Appeals has sent this matter back to me because they want me to conduct a hearing. And best I can tell, the Court of Criminal Appeals wants to know if I intended to make an affirmative finding of the use of a deadly weapon at the time of the Defendant's plea, if I knew that I had the discretion to not make an affirmative finding, or if I felt that I had or was compelled to make an affirmative finding. That's my understanding of why we are here.
* * *
Ultimately, all kinds of appellate courts, intermediate and the Court of Criminal Appeals, made sure everybody understood the trial judge does not have to make a finding. I knew that before I became a judge. I was aware of it at the time of the plea.
* * *
If I failed to make an affirmative finding at the time of the plea, the fault lies with nobody but me for not saying it out loud. I do believe I found her guilty exactly as charged in the indictment or in Count II of the indictment. And it is my habit, practice, and routine that the statement means I'm making an affirmative finding if that paragraph or that count contains an affirmative finding allegation and if someone has said certain things in front of me, unless that affirmative finding is specifically waived in a plea bargain agreement.
I know I didn't have to make it. I knew at the time I didn't have to make it. It was my intention to enter that finding. It was my intention to say it when I said guilty as charged to that count. I simply missed it on the judgment when I signed it. I thought it was a scrivener's error that the finding just wasn't made.

Guthrie-Nail v. State , 2017 WL 1149676 at *1.