

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00858-CR

Evangelos **PAGONIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2008CR6730
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting:     Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: January 16, 2019

DISMISSED FOR LACK OF JURISDICTION

Pursuant to a plea bargain agreement, appellant Evangelos Pagonis pleaded *nolo contendere* to the offenses of indecency with a child by exposure and indecency with a child by sexual contact. The trial court sentenced appellant on February 10, 2010.

On November 2, 2018, this court received a document titled "Appeal Order for Commutation of Sentence," in which appellant appears to request that his sentences be commuted because his deportation to Canada is imminent.

A defendant may appeal a judgment imposing a sentence or another appealable order. *See* TEX. R. APP. P. 26.2; *see also Guthrie-Nail v. State*, 543 S.W.3d 225, 226-27 (Tex. Crim. App. 2018) (noting that appellate jurisdiction is invoked when an appellant timely files a notice of appeal following the imposition of a sentence or the trial court enters an appealable order). It did not appear from the record that appellant sought to appeal the judgments imposing his sentences or any other appealable order. Therefore, in an order dated November 28, 2018, we ordered appellant to show cause in writing on or before December 10, 2018 why this appeal should not be dismissed for lack of jurisdiction.

Appellant did not file a response by that date. However, appellant filed a letter that he signed on December 12, 2018 and was received in this court on December 19, 2018, in which he lists several complaints regarding what he characterizes as "the wrongfulness of the court." Appellant refers to improper transcripts of a hearing appellant contends did not take place, as well as plea bargain papers appellant states he did not sign. Appellant additionally briefly discusses the Vienna Convention, his request for a pardon, and false evidence. Appellant's letter does not address whether this court has jurisdiction over the matter that is the subject of his appeal.

The record in this case indicates appellant is not seeking to appeal the judgments imposing his sentences or any other appealable order. Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH