**AFFIRMED and Opinion Filed May 20, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00904-CR**

**VERA ELIZABETH GUTHRIE-NAIL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80635--2012**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Reichek

Vera Elizabeth Guthrie-Nail appeals a nunc pro tunc judgment that adds an affirmative deadly weapon finding to the original judgment rendered against her. In two issues, appellant contends the trial court erred in rendering the nunc pro tunc judgment outside its plenary jurisdiction because the omission of the deadly weapon finding in the original judgment was a judicial decision and not a clerical error. We affirm the trial court's judgment.

### Procedural Background

Pursuant to a plea agreement, appellant pleaded guilty to the offense of conspiracy to commit capital murder. Although the docket sheet entry for the sentence imposed by the judge includes the notation of "Deadly Weapon Finding 42.12," the original judgment rendered against appellant has "N/A" in the space provided for "Findings on Deadly Weapon." Without notice to

appellant or a hearing, the trial court issued a nunc pro tunc judgment nearly three months after the original judgment was rendered changing the deadly weapon finding from "N/A" to "Yes, a Firearm."

Appellant appealed the modified judgment to this court and we affirmed. *See Guthrie-Nail v. State*, No. 05-13-00016-CR, 2014 WL 61037 (Tex. App.—Dallas Jan. 8, 2014) (not designated for publication). On review, the Texas Court of Criminal Appeals held that appellant's right to due process was violated because the trial court issued an unfavorable nunc pro tunc judgment without notice or a hearing. *See Guthrie-Nail v. State*, 506 S.W.3d 1, 2 (Tex. Crim. App. 2015). The court further stated that the record did not conclusively establish whether a deadly weapon finding was made at or before the time the judgment was signed. *Id* at 7. Accordingly, the case was remanded to the trial court for a hearing on the nunc pro tunc. *Id*.

At the hearing on remand, the trial judge stated repeatedly that it was his intention to make a deadly weapon finding at the time of appellant's plea, that he thought he had made such a finding, and he "simply missed it" when signing the original judgment. Although the judge made an oral ruling and new docket sheet entry as a result of the hearing, he did not sign a new written order. Appellant appealed the trial court's oral ruling and we dismissed the appeal for want of jurisdiction based on the absence of an appealable order. *Guthrie-Nail v. State*, No. 05-17-00030-CR, 2017 WL 1149676, at *2 (Tex. App.—Dallas Mar. 28, 2017) (not designated for publication). The court of criminal appeals affirmed the dismissal stating the first nunc pro tunc judgment had been invalidated in the prior appeal and the trial court must enter a new nunc pro tunc judgment, which would then be an appealable order. *Guthrie-Nail v. State*, 543 S.W.3d 225, 227 (Tex. Crim. App. 2018).

The trial court then conducted a second hearing at which the judge again stated it was his intention to make an affirmative finding of the use of a deadly weapon at the time of appellant's

plea.  The judge further stated he was responsible for the docket sheet notation stating "Deadly Weapon Finding 42.12."  On August 3, 2018, the judge signed a new nunc pro tunc judgment which included an affirmative deadly weapon finding.  Appellant then brought this appeal.

**Analysis**

In two issues argued together, appellant contends the trial court erred in signing the nunc pro tunc judgment outside its plenary jurisdiction because it was impermissibly correcting a judicial rather than clerical error.[1]  It has long been held that a trial court may render a nunc pro tunc judgment after the expiration of its plenary power so long as the error being corrected is clerical rather than judicial in nature.  *See State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).  Clerical errors are those to which no judicial reasoning or determination contributed.  *Id*.  Whether an error is clerical or judicial is a question of law.  *Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012).

Appellant contends that, because the trial court modified a substantive finding in the judgment, the modification was necessarily the product of judicial reasoning.  But it is not the substance of the correction that controls whether a nunc pro tunc judgment can be rendered. Rather, it is the nature of the error that prompted the correction.  *Poornan v. State*, No. 05-18-00354-CR, 2018 WL 6566688, *2 (Tex. App.—Dallas Dec. 13, 2018) (not designated for publication).  When the record affirmatively shows the modification made by the nunc pro tunc was to correct an inadvertent mistake, rather than the result of the trial judge changing his mind, the correction may be made outside the court's plenary power.  *Id*.; *see also English v. State*, 592 S.W.2d 949, 955–56 (Tex. Crim. App. 1980).

---

[1] Appellant's first issue appears to challenge the first nunc pro tunc judgment signed by the trial court.  Because that judgment was invalidated by the court of criminal appeals' ruling in appellant's original appeal, and the trial court subsequently signed a new nunc pro tunc judgment that is the operative judgment in this case, we will not address appellant's arguments as they pertain to the first nunc pro tunc judgment.  *See Guthrie-Nail*, 543 S.W.3d at 227.

In this case the record shows the trial judge stated at two different hearings that he intended to make the deadly weapon finding at the time the original judgment was signed. He also stated that the absence of the finding in the judgment was inadvertent and he "simply missed it." The judge's statements are corroborated by his notation on the docket sheet shortly after the judgment was signed indicating that a deadly weapon finding had been made. Because the record shows the trial court's error was a result of inadvertence, rather than judicial reasoning, we conclude the correction by a nunc pro tunc judgment was permissible. *See Poornan*, 2018 WL 6566688, at *3. We resolve appellant's arguments against her.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
180904F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

VERA ELIZABETH GUTHRIE-NAIL,
Appellant

No. 05-18-00904-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-80635--2012.
Opinion delivered by Justice Reichek.
Justices Schenck and Osborne participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered May 20, 2019