**Affirmed as Modified; Opinion Filed August 5, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00608-CR**

**No. 05-18-00609-CR**

**No. 05-18-00610-CR**

**BRANDON RASHAD BURTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-00846-U, F17-55788-U, and F16-51151-U**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Myers

These are appeals from a judgment of conviction for evading arrest or detention (with a prior evading arrest conviction);[1] a judgment of conviction for assault family violence by impeding breath/circulation;[2] and a judgment adjudicating guilt for the offense of evading arrest or detention with a motor vehicle.[3] In three issues, appellant contends the judgments should be reformed in various ways, and

---

[1] 05-18-00608-CR/F17-00846-U

[2] 05-18-00609-CR/F17-55788-U

[3] 05-18-00610-CR/F16-51151-U

the State has brought six cross-points requesting further modifications of the judgments. As modified, we affirm the trial court's judgments.[4]

## BACKGROUND AND PROCEDURAL HISTORY

In 2016, pursuant to a plea agreement, appellant pleaded no contest and judicially confessed to the offense of evading arrest or detention with a motor vehicle.[5] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A). He also pleaded true to the enhancement paragraph alleging a prior felony conviction for possession of a controlled substance with intent to deliver.

With the enhancement paragraph, the third degree felony offense was elevated to a second degree felony and a punishment range of not more than twenty years or less than two, and a fine not to exceed $10,000. *See id.* §§ 12.33(a), 12.42(a), 38.04(b)(2)(A). The plea agreement also provided that appellant would be placed on deferred adjudication community supervision for three years and a $1,000 fine would be "probated." The trial court accepted appellant's pleas and, at another hearing held two weeks later, placed appellant on deferred adjudication community supervision for three years and ordered a $1,000 fine.

---

[4] On March 12, 2019, the State filed an unopposed motion to abate these appeals. This motion asked us to abate the appeals and return them to the trial court for an explicit finding on whether appellant had the trial court's permission to appeal. Because of ambiguity in the records, we granted the State's motion in part and ordered the trial court to conduct a hearing to determine whether appellant pleaded guilty pursuant to plea bargain agreements; whether appellant waived his right to appeal as part of the agreements; and whether appellant was sentenced in accordance with the plea bargain agreements. The trial court found, among other things, that appellant had pleaded guilty and/or true pursuant to plea bargain agreements with the State and that the court granted appellant permission to appeal in each case. *See, e.g.*, TEX. R. APP. P. 25.2(a)(2); *Hargesheimer v. State*, 182 S.W.3d 906, 912 (Tex. Crim. App. 2006); *Radford v. State*, No. 05–18–00764–CR, 2018 WL 6616896, at *1 (Tex. App.—Dallas Dec. 18, 2018, no pet.) (mem. op., not designated for publication). Based on the trial court's findings, we concluded in an order signed on April 10, 2019, that appellant had the right to appeal in all three cases, and we reinstated the appeals.

[5] 05–18–00610–CR/F16–51151–U

In 2017, while on community supervision for the 2016 evading arrest offense, appellant committed two additional offenses: a family violence assault involving impeding breath/circulation, and another evading arrest offense. *See id.* §§ 22.01(b–2); 38.04(a), (b)(1). The State filed a motion to adjudicate appellant's guilt in the 2016 evading arrest offense, and the State's motion ultimately alleged as grounds the family violence assault,[6] the 2017 evading arrest offense,[7] three more offenses, and six other violations of the terms of deferred adjudication. Appellant negotiated plea agreements where he received concurrent sentences in all three cases and a six-year cap on his incarceration in the 2016 evading arrest and the family violence assault cases.

The trial court held a hearing where it adjudicated all three cases. Appellant pleaded true to the allegations in the motion to adjudicate in the 2016 evading arrest case. He also pleaded guilty to the family violence assault indictment and true to the punishment enhancement, and guilty to the 2017 evading arrest indictment. The court assessed five-year sentences in the 2016 evading arrest and the family violence assault cases, and a six-month sentence in the 2017 evading arrest case, with all of the sentences to be served concurrently.

---

[6] 05-18-00609-CR/F17-55788-U

[7] 05-18-00608-CR/F17-00846-U

## DISCUSSION

### 1. Appellant's Post-Submission Motion to Dismiss

After the State's brief was filed and following the submission of these cases, appellant filed a motion based on rule 42.2(a) of the rules of appellate procedure for the voluntary dismissal of these appeals. *See* TEX. R. APP. P. 42.2(a) (providing in part that "[a]t any time before the appellate court's decision, the appellate court may dismiss the appeal upon the appellant's motion.").

The State's response argues in part that our jurisdiction has been invoked and the parties' briefs have called our attention to various errors in the judgments—errors we have duty to address. *See Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd) ("For an appellate court to ignore its duty to correct the record to speak the truth when the matter has been called to its attention by any source, and when it has the necessary data to do so, and to force a later nunc pro tunc proceeding in the trial court ensuring the possibility of another appeal in the same case, as happened here, does nothing to aid judicial economy."). The State also urges us to exercise our discretion under rule 42.2 and deny appellant's motion so as to not encourage the "opportunistic squandering of judicial resources." The State points out that rule 42.2 merely provides that we "may" dismiss the appeals. *See* TEX. R. APP. P. 42.2(a). The use of the word "may" indicates discretionary authority. *See* TEX. GOV'T CODE ANN. § 311.016(1) ("'May' creates discretionary authority or grants permission or a power.").

–4–

Appellant's brief in the above appeals requested certain modifications of the judgments. The State's response agreed with several of the requested modifications, disputed another, and brought six cross-points seeking additional modifications of the judgments. These cases were submitted on the briefs approximately one month later, and they had been submitted for approximately two weeks when appellant filed his rule 42.2 motion to dismiss. We agree with the State that dismissing the appeals now would risk the needless consumption of judicial resources because the parties could still move for judgments nunc pro tunc in the trial court, and after the court held a hearing on those motions, ruled on them, and issued judgments nunc pro tunc, appellant would have a right to appeal to this Court again from the nunc pro tunc judgments. *See Guthrie-Nail v. State*, 543 S.W.3d 225, 227 (Tex. Crim. App. 2018) (oral ratification of a prior nunc pro tunc judgment is not appealable order; trial court must enter new nunc pro tunc judgment which would be appealable.); *see also Asberry*, 813 S.W.2d at 531. We believe the better course is to address the issues raised by the parties, modifying the judgments and affirming those judgments as modified. Accordingly, we deny appellant's rule 42.2 motion to dismiss.

### DISCUSSION

### 2. The 2017 Evading Arrest Case

In his first issue, appellant contends the judgment in the 2017 evading arrest case should be modified to delete the duplicative court costs from the judgment because the trial court may assess costs only once against a defendant when

disposing of multiple cases in a single criminal action. The State agrees with this requested modification.

"In a single criminal action in which the defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a). For purposes of this rule, a person convicted of more than one offense in the same trial is convicted of those offenses in a "single criminal action." *Hurlburt v. State*, 506 S.W.3d 199, 201–04 (Tex. App.—Waco 2016, no pet.). When two or more convictions arise from a single criminal action, "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. ANN. art. 102.073(b). A claim challenging the bases of assessed court costs can be raised for the first time on appeal. *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014).

The record shows that appellant was assessed court costs of $249 in the 2017 evading arrest case and $299 in the assault family violence case even though the cases were tried together. The $299 in court costs assessed in the assault family violence case incorporated all of the same fees as the $249 sum assessed in the 2017 evading arrest case, plus an additional $50 DNA fee that is assessed upon conviction for a felony assault. *See* TEX. CODE CRIM. PROC. ANN. art. 102.020(a)(2). Because all of the fees charged in the 2017 evading arrest case were already assessed in the

assault family violence case, those fees are duplicative. Appellant's 2017 evading arrest judgment should not have required him to pay additional court costs.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry*, 813 S.W.2d at 529–30. This includes modifying a judgment to eliminate duplicative court costs. *See Rubio v. State*, No. 05–17–00621–CR, 2018 WL 3424362, at *3 (Tex. App.—Dallas July 16, 2018, pet. ref'd) (mem. op, not designated for publication). Therefore, we sustain appellant's first issue and modify the judgment in the 2017 evading arrest case to delete the $249 in duplicative court costs.

### 3. The 2016 Evading Arrest Case

In his second issue, appellant argues the judgment adjudicating his guilt in the 2016 evading arrest case should be modified to reference the State's amended motion to adjudicate and that the length of the community supervision was three years, not two. On its second page, the judgment incorrectly states that appellant was serving a two-year period of deferred adjudication community supervision when it was actually a three-year term. The judgment also incorrectly states that appellant "violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate as follows: See attached Motion to Adjudicate Guilt." According to the record, it was an *amended* motion to adjudicate. The State

agrees with these requested modifications.

We have the power to modify a judgment adjudicating guilt so that it accurately reflects the length of the defendant's community-supervision term and the live pleading on which the adjudication was based. *See Albolaez v. State*, No. 05–09–01355–CR, 2011 WL 477914, at \*4 (Tex. App.—Dallas Feb. 11, 2011, no pet.) (not designated for publication). We therefore sustain appellant's second issue and modify the trial court's judgment to show the trial court issued an order placing appellant "on community supervision for a period of 3 years," and that appellant violated the terms of his community supervision "as set out in the State's AMENDED Motion to Adjudicate Guilt."

### 4. The Assault Family Violence Case

In his third issue, appellant contends we should reform the description of the offense in the judgment in the assault family violence case. Appellant's argument is that the description of the offense in the judgment, i.e., "ASSAULT FAMILY VIOLENCE IMPDE [SIC] BREATH/CIRCULATION ENHANCE," is inaccurate and that "it cannot be said that 'enhance' in the judgment's description clearly refers to the previous convictions alleged for purposes of classifying the degree of the offense as opposed to the previous conviction alleged to enhance punishment." Appellant also contends the reference is unnecessary and that, without it, the judgment would still contain an accurate description of the offense and recite the applicable statutory offense and degree of the offense. The State maintains that

appellant's proposed modification is unnecessary because the judgment describes the offense accurately in that appellant was convicted of *enhanced* family violence assault involving occlusion—a different offense from ordinary family violence assault involving occlusion. The State also points out that the Texas Department of Criminal Justice (TDCJ) depends on precision in judgments to carry out the will of the court.

Section 22.01 of the Texas Penal Code, under which appellant was convicted in the assault family violence case, provides in part that a party commits an offense by intentionally, knowingly, or recklessly causing bodily injury to another, including the person's spouse. *See* TEX. PENAL CODE ANN. § 22.01(a)(1). As relevant here, the statute makes an offense under (a)(1) a second degree felony if:

> (1) the offense is committed against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code;

> (2) it is shown on the trial of the offense that the defendant has been previously convicted of an offense under this chapter, Chapter 19, or Section 20.03, 20.04, or 21.11 against a person whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code; and

> (3) the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth.

TEX. PENAL CODE ANN. § 22.01(b–2).

The indictment alleged that appellant intentionally, knowingly or recklessly caused bodily injury to the complainant by grabbing and squeezing complainant's

–9–

neck with a hand and hands; that the complainant was a member of the appellant's family and household and a person with whom appellant had a dating relationship; and that he impeded the complainant's normal breathing and circulation of blood by applying pressure to the complainant's throat and neck and by blocking the complainant's nose and mouth. The indictment further alleged appellant had been previously convicted of assault family violence against a person who was a member of appellant's family and household and a person with whom he had had a dating relationship. The indictment also contained an enhancement paragraph alleging a prior felony offense of "INJURY TO A CHILD / ELDERLY INDIVIDUAL / DISABLED PERSON." This enhancement paragraph elevated the second degree felony offense to a first degree felony and a punishment range of five to ninety-nine years or life imprisonment and a fine not to exceed $10,000. *See id.* §§ 12.32(a), 12.42(b).

The trial court's judgment should include an accurate description of the offense. *See Davis v. State*, 501 S.W.2d 629, 633 (Tex. Crim. App. 1973); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(13) (judgment in criminal case "shall reflect . . . [t]he offense or offenses for which the defendant was convicted."). If the judgment describes the wrong offense, we may reform the judgment to correct the inaccuracy. *See Gaona v. State*, Nos. 05–11–00763–CR, 05–11–01084–CR, 2012 WL 3125161, at *2 (Tex. App.—Dallas Aug. 2, 2012, no pet.) (not designated for publication) (reforming judgment from "Evading Arrest in a Detention Vehicle

Enhanced" to "Evading Arrest/Detention, Second Offense" because conviction was for evading or detention with a previous evading arrest offense); *see also Scroggins v. State*, Nos. 05–14–01220–CR, 05–14–01221–CR, 2016 WL 3017577, at *3–4 (Tex. App.—Dallas May 18, 2016, no pet.) (mem. op, not designated for publication) (reforming judgment to remove "2nd" from "Unlawful Possession of a Controlled Substance, to-wit; Heroin 2nd Drug Free Zone" because it did not accurately show appellant had a prior felony conviction).

The indictment in the assault family violence case alleged a previous conviction that raised the degree of the offense and another prior conviction in a separate enhancement paragraph to enhance punishment. Under the circumstances, we agree with appellant that it cannot be said that the "enhance" notation in the judgment's description of the offense clearly referred to the previous conviction alleged for purposes of classifying the degree of the offense or to the prior conviction alleged to enhance punishment. *See Mims v. State*, Nos. 05–17–01108–CR, 05–17–01109–CR, 2018 WL 4784571, at *2 (Tex. App.—Oct. 4, 2018, no pet.) (mem. op., not designated for publication) (modifying "the offense for which defendant convicted" portions of two judgments to delete the "enhanced" reference in one case and the "enh" reference in the other). Moreover, the reference is not necessary. *See id.* Without it, the judgment would still contain an accurate description of the offense (assault family violence by impeding breath/circulation) and recite the applicable statutory offense (22.01) and the degree of that offense (second degree felony). *See*

–11–

*id.* Because the "ENHANCE" notation is not necessary to identifying the offense for which appellant was convicted, we sustain appellant's third issue and modify the offense section of the judgment to delete the "ENHANCE" notation from the offense's description.

However, the description of the statute of offense is not as precise as it could be. *See Conner v. State*, No. 05–18–00125–CR, slip. op. at *3 (Tex. App.—Dallas March 27, 2019, no pet.) (mem. op., not designated for publication) (reforming statute for offense from "38.04 Penal Code" to "Penal Code § 38.04(a), (b)(2)(A)"). Section 22.01(b–2) provides that an offense under (a)(1) is a second degree felony if the offense is committed by intentionally, knowingly, or recklessly impeding the normal breathing or circulation of the blood of the person by applying pressure to the person's throat or neck or by blocking the person's nose or mouth. TEX. PENAL CODE ANN. § 22.01(b–2). We will therefore modify that part of the judgment to more accurately reflect that the "Statute for Offense" is 22.01(b–2) of the Penal Code.

### 5. The State's Cross-Points

Three of the State's six cross-points concern additional requested modifications of the judgment in the assault family violence case, and we now turn to those matters. In its first cross-point the State argues the judgment should be reformed to reflect an affirmative family violence finding.

Article 42.013 of the Code of Criminal Procedure provides that if a trial court determines an offense under title five of the penal code involved family violence, as defined by section 71.004 of the family code, the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case. TEX. CODE CRIM. PROC. ANN. art. 42.013; *see also Butler v. State*, 189 S.W.3d 299, 302 (Tex. Crim. App. 2006) ("[T]he trial court is statutorily obligated to enter an affirmative finding of family violence in its judgment, if during the guilt phase of trial, the court determines that the offense involved family violence as defined by TEX. FAM. CODE § 71.004(1)."). Section 71.004(1) of the family code provides in part that "[f]amily violence" means "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, assault, or sexual assault[.]" TEX. FAM. CODE ANN. § 71.004(1).

Appellant pleaded guilty and judicially confessed to enhanced family violence assault involving impeding breath/circulation, a title 5 offense. *See* TEX. PENAL CODE ANN. § 22.01. This offense involved either choking or smothering the victim, and could only occur if the victim was a member of the defendant's family, a member of the defendant's household, or had a dating relationship with the defendant. *Id.*; *see also* TEX. FAM. CODE ANN. §§ 71.0021(b), 71.003, 71.005. Appellant's judicial confession tracked the indictment, which described the offense as causing bodily injury to the complainant by choking her with his hands, and that

his victim was "a member of the Defendant's family and household and a person with whom the Defendant has had a dating relationship." The trial court noted on the docket sheet that it found appellant guilty of "ASSLT FV IMP BR ENH as charged in the indictment," and described the offense in the judgment as "ASSAULT FAMILY VIOLENCE IMPDE BREATH/CIRCULATION." Moreover, appellant testified at the plea hearing that the victim of the assault was his girlfriend. Appellant agreed to an affirmative finding of family violence as part of the plea agreement under which the State agreed to cap appellant's sentence at six years. The trial court followed the plea agreement.

Based on this record, we conclude the trial court was statutorily obligated to include an affirmative finding of family violence in the judgment. TEX. CODE CRIM. PROC. ANN. art. 42.013; *see also Butler*, 189 S.W.3d at 302. We have the power to modify a judgment to make the record speak the truth when we have the necessary information before us to do so. TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27. 1993). Accordingly, we will modify the judgment to reflect an affirmative finding of family violence. *See Gutierrez v. State*, No. 05–16–00552–CR, 2017 WL 6616631, at *4 (Tex. App.—Dallas Dec. 28, 2017, no pet.) (mem. op, not designated for publication); *Thornton v. State*, No. 05–16–00565–CR, 2017 WL 1908629, at *5 (Tex. App.—Dallas May 9, 2017, pet. ref'd) (mem. op., not designated for publication).

In its second and third cross-points the State contends the assault family

violence judgment should be further modified to reflect a plea of true and a finding of true to the indictment's sole enhancement paragraph.

The indictment in the family violence assault case included a punishment enhancement paragraph alleging a prior felony conviction that increased the punishment range to a first degree felony. *See* TEX. PENAL CODE ANN. § 12.42(b). Under the plea agreement, appellant agreed to plead true to the enhancement paragraph. During the plea hearing, the trial court admonished appellant that the enhancement paragraph increased the punishment range for the offense to a first degree felony. Appellant pleaded true and judicially confessed to the enhancement paragraph. The trial court accepted the plea. The judgment, however, states N/A in both the "Plea to 1st Enhancement Paragraph" and the "Findings on 1st Enhancement Paragraph" parts of the judgment.

The trial court did not read the enhancement paragraph to appellant before accepting his plea of true, but "[w]hen the trial court alone assesses a defendant's punishment, the court is not required to read the enhancement paragraphs or the findings to the defendant." *Seeker v. State*, 186 S.W.3d 36, 39 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (citing *Garner v. State*, 858 S.W.2d 656, 659 (Tex. App.—Fort Worth, 1993, pet. ref'd)); *Boyd v. State*, No. 05–15–00561–CR, 2016 WL 4051646, at *4 (Tex. App.—Dallas July 26, 2016, no pet.) (mem. op., not designated for publication); *Davis v. State*, No. 05–14–01374–CR, 2016 WL 310093, at *6 (Tex. App.—Dallas Jan. 26, 2016, no pet.) (mem. op., not designated

for publication). "Although it is preferred that trial courts read the enhancement paragraphs orally and find them to be true or not true on the record, a trial court does not err by not doing so." *Sleeker*, 186 S.W.3d at 39. And when there is a conflict between the oral pronouncement of a sentence and the sentence in a written judgment, the oral pronouncement controls. *Id.*

We have the necessary information in the record to modify the judgment to reflect a plea and finding of true on the first enhancement paragraph. We therefore modify the judgment to read "TRUE" in the "Plea to 1st Enhancement Paragraph" and Finding on 1st Enhancement Paragraph" portions of the judgment in the assault family violence case.

In its fourth, fifth, and sixth cross-points, the State contends the judgments in all three of the cases should be reformed to reflect the terms of the three plea agreements. Each judgment says "Open" in the "Terms of Plea Bargain" part of the judgment, but this is inaccurate. In the 2017 evading arrest case, the plea agreement provided that the sentence would run concurrently with the sentences in the other two cases. In the assault family violence case, the plea agreement specified a cap of six years "TDC," concurrent sentencing, and an affirmative family violence finding. In the 2016 evading arrest case, the plea agreement provided for a cap of six years "TDC" and that the sentence would run concurrently with the sentences in the other cases. Accordingly, we modify the judgments to reflect the terms of the respective plea agreements.

## Conclusion

Appellant's June 14, 2019 rule 42.2(a) "Motion for Voluntary Dismissal of Appeal," filed in cause numbers 05–18–00608–CR, 05–18–00609–CR, and 05–18–00610–CR, is DENIED.

We modify the judgment in the 2017 evading arrest case, 05–18–00608–CR, as follows:

* The part of the judgment that reads "Court Costs" should be changed from "$249" to "N/A."

* The part of the judgment that reads "Terms of Plea Bargain" should be changed from "OPEN" to "Sentence to run concurrently with F16–51151–U & F17–55788–U."

We modify the judgment in the assault family violence case, 05–18–00609–CR, as follows:

* The part of the judgment that reads "ASSAULT FAMILY VIOLENCE IMPDE BREATH/CIRCULATION ENHANCE" should be changed to read "ASSAULT FAMILY VIOLENCE IMPDE BREATH/CIRCULATION."

* The part of the judgment that reads "Statute for Offense: 22.01 Penal Code" should be changed to read "Statute for Offense: 22.01(b–2) Penal Code."

* The part of the judgment that reads "Terms of Plea Bargain" should be changed from "OPEN" to "Cap of 6-years TDCJ; sentence to run concurrently with F16–51151–U and F17–00846–U; affirmative family violence finding."

* The part of the judgment that reads "Plea to 1st Enhancement Paragraph" should be changed from "N/A" to "TRUE."

* The part of the judgment that reads "Findings on 1st Enhancement Paragraph" should be changed from "N/A" to "TRUE."

* The part of the judgment on page two that reads "Furthermore, the following special findings or orders apply" should be changed to read "Furthermore, the following special findings or orders apply: The Court enters an affirmative finding that Defendant's offense involved family violence, as defined by Section 71.004, Family Code."

And we modify the judgment adjudicating guilt in the 2016 evading arrest case, 05–18–00610–CR, as follows:

* The part of the judgment that reads "Terms of Plea Bargain" should be changed from "OPEN" to "Cap of 6-years TDCJ; sentence to run concurrently with F17–00846–U & F17–55788–U."

* The part of the judgment on page two that reads "(3) The Court issued an order placing Defendant on community supervision for a period of 2 YEARS" should be changed to "(3) The Court issued an order placing Defendant on community supervision for a period of 3 YEARS."

* The part of the judgment on page two that reads "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt" should be changed to "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: See attached AMENDED Motion to Adjudicate Guilt."

As modified, we affirm the trial court's judgments.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. 47.2(b)
180608F.U05

–18–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRANDON RASHAD BURTON,
Appellant

No. 05-18-00608-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F17-00846-U.
Opinion delivered by Justice Myers.
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

* The part of the judgment that reads "Court Costs" should be changed from "$249" to "N/A."

* The part of the judgment that reads "Terms of Plea Bargain" should be changed from "OPEN" to "Sentence to run concurrently with F16–51151–U & F17–55788–U."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of August, 2019.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

BRANDON RASHAD BURTON,
Appellant

No. 05-18-00609-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F17-55788-U.
Opinion delivered by Justice Myers.
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

* The part of the judgment that reads "ASSAULT FAMILY VIOLENCE IMPDE BREATH/CIRCULATION ENHANCE" should be changed to read "ASSAULT FAMILY VIOLENCE IMPDE BREATH/CIRCULATION."

* The part of the judgment that reads "Statute for Offense: 22.01 Penal Code" should be changed to read "Statute for Offense: 22.01(b–2) Penal Code."

* The part of the judgment that reads "Terms of Plea Bargain" should be changed from "OPEN" to "Cap of 6-years TDCJ; sentence to run concurrently with F16–51151–U and F17–00846–U; affirmative family violence finding."

* The part of the judgment that reads "Plea to 1st Enhancement Paragraph" should be changed from "N/A" to "TRUE."

* The part of the judgment that reads "Findings on 1st Enhancement Paragraph" should be changed from "N/A" to "TRUE."

* The part of the judgment on page two that reads "Furthermore, the following special findings or orders apply" should be changed to read "Furthermore, the following special findings or orders apply: The Court enters an affirmative finding that Defendant's offense involved family violence, as defined by Section 71.004, Family Code."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of August, 2019.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRANDON RASHAD BURTON,
Appellant

No. 05-18-00610-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F16-51151-U.
Opinion delivered by Justice Myers.
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

* The part of the judgment that reads "Terms of Plea Bargain" should be changed from "OPEN" to "Cap of 6-years TDCJ; sentence to run concurrently with F17–00846–U & F17–55788–U."

* The part of the judgment on page two that reads "(3) The Court issued an order placing Defendant on community supervision for a period of 2 YEARS" should be changed to "(3) The Court issued an order placing Defendant on community supervision for a period of 3 YEARS."

* The part of the judgment on page two that reads "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt" should be changed to "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's AMENDED Motion to Adjudicate Guilt as follows: See attached AMENDED Motion to Adjudicate Guilt."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of August, 2019.