

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00137-CR

_____

FRANKLIN ROBERT ELKINS, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court No. 0842389D

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Pro se appellant Franklin Robert Elkins filed a notice of appeal. In it, he stated that he was filing the notice "within 30 days of the entry of an appealable order." What that appealable order might be, however, eludes us. Appellant names two different orders as the target of his appeal, but neither one was rendered in the last 30 days.

In his notice of appeal, Appellant stated that he was appealing his "conviction and sentence in Cause No.: 0842389-D." But as we know from the docket sheet and prior appeals involving Appellant, that judgment was a May 26, 2004 conviction for intoxication manslaughter. *See Ex parte Elkins*, No. 02-19-00471-CR, 2020 WL 479585, at *1 (Tex. App.—Fort Worth Jan. 30, 2020, no pet.) (per curiam) (mem. op., not designated for publication). Appellant filed his notice of appeal on September 24, 2020, whereas the notice of appeal for his May 26, 2004 conviction would have been due June 25, 2004. *See* Tex. R. App. P. 26.2(a)(1).

Years ago, Elkins filed just such a notice of appeal within that 30-day window, and we considered his appeal and affirmed his conviction in *Elkins v. State*, No. 2-04-243-CR, 2005 WL 3082226, at *1 (Tex. App.—Fort Worth Nov. 17, 2005, pet. ref'd) (mem. op., not designated for publication). That circumstance poses another jurisdictional obstacle: "[O]nly one appeal can be made from a verdict and judgment of conviction in any case . . . ." *Hines v. State*, 70 S.W. 955, 957 (Tex. Crim. App. 1902); *Arabzadegan v. State*, No. 03-19-00728-CR, 2020 WL 370880, at *1 (Tex. App.—Austin Jan. 23, 2020, pet. ref'd) (mem. op., not designated for publication). A court of appeals

2

lacks jurisdiction to consider a second direct appeal from a final conviction. *Arabzadegan*, 2020 WL 370880, at *1; *see McDonald v. State*, 401 S.W.3d 360, 362 (Tex. App.—Amarillo 2013, pet. ref'd) (dismissing a subsequent appeal for want of jurisdiction where the conviction had previously been affirmed).

So, on October 6, 2020, we notified Appellant of our concern that we lacked jurisdiction. We advised him that unless we received a response showing grounds for continuing the appeal, the appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 44.3.

Appellant filed a response in which he stated that he was appealing a different order and proposed a novel ground for continuing the appeal. Appellant noted that when he had filed his most recent notice of appeal, he had packaged into the same filing several other pro se documents that were related to his appeal in one way or another.[1]

---

[1]These documents included
- An affidavit in which Appellant indicated that he would have filed a motion for new trial when he was convicted in 2004 if his attorney had informed him of the value of such a motion;
- An unsigned, homemade certification of the defendant's right to appeal and, along with it, another homemade form indicating that he had received the unsigned certification;
- An application to proceed in forma pauperis;
- An affidavit of indigency;
- A copy of the 1991 opinion *English v. State*, 828 S.W.2d 33 (Tex. App.—Tyler 1991, pet. ref'd);
- An unsworn declaration in which he averred under penalty of perjury that all of his filings and their content were true and correct; and
- The docket sheet from his prosecution sixteen years prior.

Among these documents were a handwritten motion and three documents that Appellant had styled as "Bill[s] of Exception."[2] Appellant argued that, in light of the motion and the bills of exception, his appeal was timely according to the following progression of reasoning: (1) the trial court had not yet denied his motion and his bills, but (2) the trial court might one day soon deny them; (3) according to Appellant, his notice of appeal was a "prematurely filed" attempt to appeal from any future denial of his motions and bills; and (4) under the Texas Rules of Appellate Procedure, a prematurely filed notice of appeal is effective and deemed filed on the same day, but after, the appealable order is signed by the trial court. *See* Tex. R. App. P. 27.1(b). Thus, by Appellant's logic, his notice of appeal was a timely-if-preemptive attempt to appeal the impending denial of his motion and bills.

We conclude that we lack jurisdiction, regardless of whether Appellant's aim is to appeal a past conviction or a future order. Appellate jurisdiction is invoked when the appellant timely files a notice of appeal. *Guthrie-Nail v. State*, 543 S.W.3d 225, 226 (Tex. Crim. App. 2018). When there is no motion for new trial in a criminal case, a defendant's notice of appeal is timely if it is filed within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. *Id.* at 226–27. Thus, to the extent that Appellant attempts to appeal

---

[2]The motion had a threefold purpose: to seek permission to file an out-of-time motion for new trial, to abate his own newly filed appeal, and to remand for a hearing on his proposed motion for new trial. In the bills of exceptions, Appellant complained of his trial counsel's ineffectiveness and various flaws in the evidence at his 2004 trial.

his 2004 conviction, his appeal comes years too late, *see id.*, and after that conviction was already affirmed in a prior appeal. *See Hines*, 70 S.W. at 957. To the extent that Appellant attempts to appeal an order that does not yet exist, his appeal comes too early, for the trial court has not entered an appealable order. *See Guthrie-Nail*, 543 S.W.3d at 227; *Rogers v. State*, Nos. 02-20-00064-CR, 02-20-00065-CR, 2020 WL 4006720, at *1 (Tex. App.—Fort Worth July 16, 2020, no pet.) (mem. op., not designated for publication); *Ex parte D.R.*, No. 02-19-00414-CV, 2019 WL 6905812, at *1 (Tex. App.—Fort Worth Dec. 19, 2019, no pet.) (mem. op., not designated for publication).

In either event, we lack jurisdiction. Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 43.2(f).

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 10, 2020